JOHN RUCKER, Respondent, v. WADDY THOMPSON ET AL., Appellants.

### Kansas City Court of Appeals, June 14, 1886.

CASE ADJUDGED.—Where a suit was founded on two promissory notes, and the petition was filed in vacation of the circuit court of Johnson county, Missouri (where all the parties reside), Sept. 5, 1884, returnable to October term, 1884, the term beginning on the twentieth day of October, 1884, and the defendants were properly served; on the application by defendants for change of venue, it was granted, and the cause was, by consent and agreement, sent to the Bates circuit court. A month before the first day of the February term, 1885, of said Bates circuit court, a transcript of the record in the cause was filed from the Johnson circut court; and on the *fourth* judicial day of said February term, defendants filed a motion suggesting a diminution of the record, and a motion to strike the cause from the docket; on the *sixth* judicial day of the term, the motion suggesttng diminution was sustained; and on the *seventh* judicial day of the term a correct transcript was filed. Thereupon the motion to dismiss was overruled, and, upon defendants' failure and refusal to answer, the court rendered judgment against them for want of answer. At same term the perfected transcript was filed, and on the same day on which defendants' motion to strike

the cause from the docket was overruled. *Held*, that the action of the trial court was correct.

Appeal from Bates Circuit Court, Hon. James B. Gantt, Judge.

*Affirmed.*

Statement of case by the court.

This was a suit founded on two promissory notes, and the petition was filed in vacation of the circuit court of Johnson county, Missouri (where all the parties reside), on the fifth day of September, 1884, returnable to the October term, 1884, of said circuit court, which convened in regular session at said term on the twentieth day of October, 1884. The defendants (appellants here) were each properly served more than fifteen days before the term. On the first day of said term the defendants appeared and filed application for change of venue, alleging prejudice of the judge of said court. The court adjourned its term to the sixteenth day of December, 1884, and the judge of the twenty-second judicial circuit was called to hold the remainder of said October term. Defendants insisted on their application for a change, which was granted. The cause was, by consent and agreement, sent to the Bates county circuit court.

On the fifth day of January, 1885, the clerk of the Johnson circuit court filed a transcript of the records of the cause in the said circuit court of Bates county, Missouri, a month before the first day of the February term, 1885, of said Bates circuit court. On the fifth day of February, it being the fourth judicial day of the February term, 1885, of the Bates circuit court, defendants filed a motion suggesting a diminution of the record and a motion to strike the cause from the docket.

On the seventh day of February, it being the *sixth* judicial day of the term, the motion suggesting diminution was sustained, and the clerk of the circuit court of Johnson county, Missouri, ordered to certify a full, true

and correct transcript of the record of said cause, which was done and filed on the *ninth* of February, 1885, the *seventh judicial* day of the term. The motion to dismiss was thereupon overruled, the court, after affording defendants an opportunity to answer, which they declined, and, on account of said refusal and failure, rendered the judgment complained of, for want of answer.

The only error assigned here to reverse that judgment is, "that the court erred in rendering judgment against defendants for want of answers at the same term that the perfected transcript was filed, and on the same day on which defendants' motion to strike the cause from the docket was overruled.

M. CRUTCHFIELD and M. A. FYKE, for the appellants.

I. No cause was pending in Bates county until the perfected transcript was filed. This was done the eighth day of the February term, and *until* then defendants could not be required to plead to the action ; and *before* it had been filed, defendants had filed a motion to strike the cause from the docket. This motion was overruled the next day after the complete transcript was filed, and on the same day the court rendered judgment against the defendants for want of an answer. *This was premature.* In this the court *erred.*

SAM'L P. SPARKS and HENRY NEILL, for the respondent.

I. The time for convening the Johnson circuit court was the twentieth of October, 1884, and that for the Bates circuit court was the second of February, 1885. The record shows that these courts were regularly convened for business on the days fixed by law.

II. Defendants were required to plead on or before the *second* day of term—suit being on notes. On the transcript being filed in Bates, the case, for all the pur-

poses of a *trial*, was to be proceeded upon *just as if the suit had been originally brought in the Bates court.* Rev. Stat., sect. 3736; *State v. Underwood*, 75 Mo. 230.

III.   The original transcript gave the court jurisdiction of the cause.   Even if defective, the Bates court had jurisdiction from the time of the order awarding change of venue by Johnson court.   *Henderson v. Henderson*, 55 Mo. 544; *State v. Hopper*, 71 Mo. 425.

IV.   The defendants' application for a *certiorari* and motion to dismiss were inconsistent proceedings.

V.   The change of venue to Bates was by agreement of parties, and it was as much the duty of defendants, at whose instance the change was granted, to see that transcript was correct, as plaintiff's.

ELLISON, J.—From the facts set out in the statement of this cause we think the action of the trial court was correct, and we affirm the judgment.   All concur.